IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD LEE McCOY, | * | |
| Petitioner, | * | |
| | | CASE NO. 6:05-CV-12 WLS |
| VS. | * | 28 U.S.C. § 2241/2255 |
| | | CASE NO. 6:95-CR-3 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

In 1995, Petitioner McCoy was indicted, tried by jury, and found guilty of Possession With Intent to Distribute Cocaine Base (a/k/a crack cocaine) in concert with others, all in violation of 21 U.S.C. § 846 i/c/w § 841(a)(1). He was sentenced to serve a term of imprisonment of 262 months. (R-53). He appealed his conviction and sentence to the Eleventh Circuit Court of Appeals which affirmed the district court on October 14, 1998. (R-62). Petitioner McCoy then timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R-63), which was denied on October 30, 2001 (R-72). Petitioner appealed the district court's denial of his § 2255 Motion, but the Eleventh Circuit Court dismissed Petitioner's appeal and denied certificate of appealability. (R-80,82). Petitioner McCoy then moved the Circuit Court for authorization to file a second or successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Circuit Court denied that application on February 6, 2004. (R-84).

On March 7, 2005, Petitioner McCoy has filed in this court a Motion For Relief From Final Judgment based on 28 U.S.C. § 2241. (R-85). Petitioner acknowledges that:

> Ordinarily, the claims raised by the Petitioner McCoy should be included in a collateral attack on the defendant's sentence pursuant to § 2255, but the petitioner is precluded from filing a successive § 2255 motion by the provisions of the AEDPA. Additionally, a § 2255 motion filed several years after the defendant's sentence became final would be time barred.

Petitioner McCoy argues, "A petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 may be filed 'if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of detention.' *Sawyer v. Holder,* 326 F.3d 1363 (11th Cir. 2003). That proposition is a correct statement of the law, but the Eleventh Circuit Court of Appeals has previously held:

> "The general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner. *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th 1987). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *McGee v. Hanberrry,* 604 F.2d 9, 10 (5th Cir. 1979)[1]. . . In *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), we discussed the 'inadequate and ineffective' language , the legislative history of the legislation and the opinions of our sister states. We held that this language does not allow a petitioner to escape the restrictions on second or successive § 2255 motions. . . . The mere fact that such a petition is procedurally barred by § 2255's statute of limitations or

---

[1] The Eleventh Circuit, sitting en banc in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

> restriction on second or successive motions does not make it inadequate or ineffective."

*Peddie v. Hobbs,* 196 F.3d 1249 (11th Cir. 1999). At the same time, it is not necessary to determine the real character of Petitioner McCoy's present Motion. He states that he bases his present claim:

> [O]n the principle declared in *United States v. Booker,* 2005WL50108 (2005). McCoy argues that the Court announced a "remedial interpretation of the Sentencing [Reform] Act [of 1984]," *Booker,* 125 S.Ct. at 769, whereby two provisions requiring the mandatory imposition of the Federal Sentencing Guidelines were severed and excised. *See Booker,* 125 S.Ct. at 756-769. McCoy claims that *both* of these holdings apply to his case to invalidate the enhanced-guidelines sentence to which he was mandatorily sentenced.

Petitioner McCoy's argument fails for two reasons. First, because the *Booker* Court did not invalidate the Sentencing Guidelines, only the two provisions that made them mandatory upon the sentencing courts. The Supreme Court added at pages 764, 65 of the *Booker -Fanfan* decision:

> The remainder of the Act functions independently. Without the "mandatory" provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. See 18 U.S.C. § 3553(a) (Supp. 2004). The Act nonetheless requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, § § 3553(a)(1), (3), (5)-(7).

Secondly, the Supreme Court did not make its *Booker - Fanfan* rulings retroactive

3

to cases on collateral review, by whatever name they might be characterized. To the contrary, the *Booker-Fanfan* Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, *with no exception for cases in which the new rule constitutes a clear break with the past*).(emphasis added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[2]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* ruling in its recent decision, *In re: Jerry J. Anderson,* 2005WL 123923 (January 21, 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the

---

[2] *Reynolds* at 752*:* (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final"))**.**

> Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49(O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review"); *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* No. 04-11725, 2005WL367095 (11th Cir. February 17, 2005). The *Booker* ruling cannot be applied retroactively to Petitioner McCoy's collateral attack on his 1997 sentence under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255.

WHEREFORE, IT IS RECOMMENDED that Petitioner McCoy's Motion For Relief From Judgment be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 11th day of March 2005.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE